PARKER *v.* CARSON.

4-8886                                         220 S. W. 2d 601

Opinion delivered May 23, 1949.

330

*Philip A. DeSalvo* and *Troy W. Lewis,* for appellant.

*Bailey & Warren* and *R. Eugene Bailey,* for appellee.

HOLT, J. W. S. Parker, appellant, sued appellees for $3,141.59, alleged due on a sale of certain merchandise to them. Appellees answered denying that they owed appellant the amount claimed, but admitted that they had agreed to pay $2,000 for the goods in question and that the property had been delivered to them, which they later traded for an equity in Little Rock property. They further alleged that they were entitled to a set-off against the purchase price in the amount of $1,700 for services rendered appellant and offered to confess judgment for $300.

The trial court found for appellant in the amount of $2,000 for the merchandise sold to appellees, less a set-off of $600 for services rendered by appellees to appellant, and entered a decree for appellant for $1,400 with interest thereon at 6% from the date of the decree, October 7, 1948, and declared an equitable lien on the property of appellees in Little Rock.

This appeal followed.

For reversal, Parker says: "Appellant contends that the allowance of only $2,000 gross for his merchandise, and not $3,141.59 as sued for; and the allowance of 6% interest from October 7, 1948, only, and not from the taking of his goods, January 7, 1947, as he prayed, was against the preponderance of the evidence on which this Court can predicate a reversal."

The parties are related by marriage. Appellant, Parker, in 1945, was engaged in merchandising in Fort Smith and decided to close out his business on account

of illness. He moved his stock of goods to Little Rock and stored it in a garage belonging to his brother, Earl Parker. While appellant was ill in Fort Smith, and after he moved to Little Rock, he concedes that appellees, at his request, rendered personal services of the value of $600, which he owed to them, as the trial court found.

George Carson testified that after the goods were brought to Little Rock and stored, appellant, after failing in his own efforts to sell them, sold them to him (Carson) for $2,000 and delivered the goods to him "to pay him (appellant) when I could and as I could."

Earl Parker's testimony on behalf of appellees tended to corroborate George Carson. He testified that George told appellant: "I can't pay you cash, but I will pay you along as I can and he (appellant) said, 'That will be all right,' and he (Carson) said, 'Wyatt, I am not going to pay you any interest, because I am not able to,' and Wyatt said, 'That will be all right.'"

Appellant testified, in effect, (quoting from appellant's brief): "That Carson claimed he had paid out $1,041.50 expenses in trying to sell the goods, and wanted to buy them. I did not know he was going to trade them to Jernigan. I told him I would take $2,000 cash for the merchandise. We agreed he was to pay me $2,000 before moving the merchandise. They were moved at night without my knowledge. I did not know until after they had been moved. I was not paid before they moved the goods. Carson took me late that night to some place where he tried to get the money. His wife went along in Carson's automobile. He said he could not rake up the money."

After a review of the testimony, we are unable to say that the findings of the Chancellor were against the preponderance thereof, and under our long established rule, we must therefore affirm the decree.

Since appellee was not to pay any interest, and was to pay for the goods along "when I could and as I could," the court correctly allowed interest at 6% from the date of the decree, Ark. Stat., (1947), § 29-124.

Affirmed.